IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HENRY AMADOR,

    Petitioner,                    No. CIV S-10-0616 GEB GGH P

   vs.

R.E. BARNS,

    Respondents.            FINDINGS & RECOMMENDATIONS

                                 /

        Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner's amended petition, filed April 16, 2010, challenges the 2009 decision by the California Board of Parole Hearings (BPH) finding him unsuitable for parole.[1]

        On January 27, 2011, the undersigned ordered both parties to provide briefing regarding the recent United States Supreme Court decision that found that the Ninth Circuit erred in commanding a federal review of the state's application of state law in applying the "some evidence" standard in the parole eligibility habeas context. Swarthout v. Cooke, 502 U.S. ___,

---

[1] The original petition was directed in the main to a serious offender classification petitioner received in prison. After the undersigned advised petitioner that his claim sounded in civil rights, petitioner filed an amended petition simply challenging a denial of parole, which does sound in habeas corpus.

1

1  ___ S. Ct. ___, 2011 WL 197627 *2 (Jan. 24, 2011).

2        The parties have timely filed briefing, yet for the reasons set forth in the prior
3  order, no federal due process requirement for a "some evidence" review and that federal courts
4  are precluded from review of the state court's application of its "some evidence" standard.

5        A review of the petition in this case demonstrates that it is entirely based on
6  alleged violation of California's "some evidence" requirement. Therefore, the petition should be
7  denied.

8        Accordingly, IT IS HEREBY RECOMMENDED that the petition be denied.

9        If petitioner files objections, he shall also address if a certificate of appealability
10 should issue and, if so, as to which issues. A certificate of appealability may issue under 28
11 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a
12 constitutional right." 28 U.S.C. § 2253(c)(2). The certificate of appealability must "indicate
13 which specific issue or issues satisfy" the requirement. 28 U.S.C. § 2253(c)(3).

14       These findings and recommendations are submitted to the United States District
15 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen
16 days after being served with these findings and recommendations, any party may file written
17 objections with the court and serve a copy on all parties. Such a document should be captioned
18 "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections
19 shall be served and filed within fourteen days after service of the objections. The parties are
20 advised that failure to file objections within the specified time may waive the right to appeal the
21 District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

22 DATED: February 22, 2011

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

25 GGH: AB
amad0616.dis

2